Beacom, J.
Plaintiff obtained judgment in a justice of the peace court against one Malham. Subsequently she instituted proceedings in aid of execution in a justice court and such proceedings were had that the justice found “that there was sufficient money in possession of defendants to satisfy said judgment and costs, and ordered defendant to pay same to plaintiff, to be applied, first, to payment of costs, and balance to said judgment.” A civil action was then instituted in a justice court against defendants herein for enforcement of said order. Judgment was rendered in favor of defendants in that court, and the case is now pending in this court on appeal.
Plaintiff in her petition sets forth substantially the facts stated above and no more, simply alleging that she obtained 'judgment against Malham; that she began a proceeding in aid *18 of execution; that the justice made the finding- and issued order recited above, and prays for judgment. To this defendants demur, and say the finding and order of the justice do not alone constitute facts sufficient on which to maintain an action, but that it is necessary further to aver that, at time said order was made, defendants herein were actually indebted to the judgment debtor, Malham.
Proceedings in aid of execution are authorized by Sections 6680-1-5. Süb-section 4 provides, in. substance, that “if it appear that the person examined is liable for any money to the judgment debtor, the justice shall order such person to pay the same to the judgment creditor.”
Is this order a final order in the nature of a judgment, or does it operate simply to, attach the property to which the order relates, as does an order in garnishment? In proceedings against a garnishee it is provided in Section 6504—
“If the garnishee fail to comply with the order of a justice to pay the money owing, the plaintiff .may proceed against him in an action as in other cases, and judgment may be rendered for the property of the defendant in the possession of the garnishee.”
The court is of opinion that the order to the garnishee is in all respects of the same character as the order to the person examined in a proceeding in aid of execution. In each case the order operates only as an attachment, and is in no sense analogous to a judgment. The subsequent proceedings against the garnishee have been stated above. In the case of a proceeding in aid, Section 6680-5 provides that—
“If the person examined fails to comply with said order, the judgment creditor may proceed against said person by civil action and judgment may be rendered in favor of the judgment creditor for what shall appear to be owing the judgment debtor by such person. An appeal shall lie from such proceeding to the court of common pleas in like manner as from other judgments.”
Sections 6504 and 6680-5 are substantially identical. The proceeding' in garnishment, and that in aid of execution are *19 both, proceedings by a creditor against a third person who is indebted to the claimant’s debtor. In both proceedings the justice is authorized by the statutes to make “an order,” to the person who is said to be so indebted to the claimant’s debtor, to pay what he has in his possession, not to the debtor but to the debtor’s creditor. The two sections of the statutes, 6504 and 6680-5, providing for the proceedings which may be had, after the order has been made, and after the person ordered to pay has failed to - do so, are in almost the same language, and the later section was probably intended to be a copy of the earlier.
If the claim of plaintiff herein — that the order upon the person examined to pay the money into court is a final order— be a tenable proposition, then it is extraordinary that the Legislature did not provide for some method of enforcing this order without bringing further action. If that. order was in fact a judgment, why was not some provision made for issuing execution to satisfy that judgment? If it were a final order, why require the plaintiff to go through .the formality of bringing a civil action in order to ripen that into a judgment which was already a judgment in substance? That would seem to require the doing of a vain and purposeless thing. Moreover, if the contention of plaintiff be true that said order is a final order, then the provision that plaintiff may bring a civil action is not only authorizing him to do a purposeless thing, but more extraordinary still, it authorizes the bringing of an action against a defendant who is not permitted to make a defense.
Moreover, plaintiff herein alleges that he is entitled to a judgment for the amount which the justice in the proceeding in aid ordered paid, and if his contention that that was a final order be correct, then he is doubtless correct in his claim that such is the proper amount for which judgment should be rendered herein. But Section 6680-5 provides that “judgment may be rendered in favor of the judgment creditor for what shall appear to be owing the judgment debtor by such person, not exceeding the amount of such order and costs.” This court is unable to reconcile the claim .of plaintiff with this provision. The statute plainly says that in the civil action *20 judgment may be rendered for tbe plaintiff for what the defendant appears to be owing the judgment debtor. This means in substance that if on the trial the defendant does not appear to owe anything, then the judgment for plaintiff must be for nothing. If it appear that he owes something, then it may be for that something, but what amount the judgment shall be for must -be determined in the trial of the civil action. If plaintiff’s contention be true, the proceedings provided for in Section 6680-5 would be useless and vain.
Plaintiff claims that the constitutional requirement that no ■one shall be deprived of his right to have a jury trial is not .violated by his theory that Section 6680-4 provides for the •making of a final order by a justice, for the reason that the subsequent section provides for an appeal from the findings of the justice. I am of opinion that that provision for appeal, in the subsequent section, applies to the proceedings that are provided for in that subsequent section. The provision for appeal follows immediately the provision for the institution and prosecution of a civil action. If the provision for appeal was intended to apply to the subject-matter of Section 6680-4 instead of to the subject-matter of Section 6680-5, we should expect the Legislature to have incorporated said provision for appeal in the former section instead of in the latter.
But- it is claimed that the circuit court in Carlin v. Hower, 5 C. C.—N. S., 70, has passed upon this exact question. This is correct. That was the ruling in. that case. That ruling has not been directly or expressly reversed by the Supreme Court. This court would probably follow the circuit court in that ruling, although it would do so unwillingly, were it not for the authority of a dictum of the Supreme Court in the case- of Duffey v. Reardon, 70 O. S., 328. This case was decided in 1904, two years later than the rendition of the decision in the case of Carlin v. Hower. In that Supreme Court case, on page 333, it is said that (omitting unnecessary words) —
“ As to the person cited to appear and answer in such proceeding (proceeding in aid of execution), it appears from this section (6680-5) that the order of the justice of the peace *21 is not a final order, precluding further inquiry or proceedings. The party may decline to obey the order of the justice, and in such case the judgment creditor may resort to a civil action against him, in which any proper defense may be set up by way of answer. Similar provisions are found in the statute regulating attachment and garnishee • proceedings, in Sections 6503 and 6504. The remedy of the garnishee in such case is to refuse to comply with the order and have his rights adjudicated in a civil action.”
Alexander Martin, for plaintiff.
Bacon & Clay, for defendants.
The Supreme Court has said herein, in substance, that the proceedings in aid of execution and - the proceedings against a garnishee are in substance the same and that the same rules apply to both proceedings. They have further said that the order of the justice in a proceeding in aid is not a final order; that it does not preclude “further inquiry or proceedings,” and that the party examined “may decline to obey the order of the justice,” and further provides that in case he be sued by the judgment creditor “any proper defense may be set up by answer.”
This language, it is time, is only dictum. The question -involved herein was not before the Supreme Court for decision, but a case closely related thereto was before it. The court was passing upon the question whether or not such order of the justice was a final order as to the judgment debtor, and in holding that such order was final as to him, they discussed the question whether or not it was a final order as to the third person alleged to be indebted. The announced opinions of the Supreme Court are not simply the language of the judge announcing the opinion. These opinions aro read and examined and discussed at a meeting of the .judges, and I therefore feel warranted by this dictum in not following the decision in the case of Carlin v. Hower.
Demurrer sustained. Plaintiff excepts.